UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cr-20791-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

HECTOR ANTONIO
ROBLES VELASQUEZ,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Hector Antonio Robles Velasquez's ("Defendant") Motion for Compassionate Release Under 18 U.S.C. § 3582, ECF No. [97] ("Motion"), filed on June 2, 2020. The Government filed its Response in Opposition, ECF No. [98] ("Response"), on June 15, 2020. Defendant did not file a reply. The Court has carefully reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied without prejudice.

### I.  BACKGROUND

On March 19, 2012, Defendant entered into a guilty plea for one count of hostage taking in violation of 18 U.S.C. § 1203(a) and one count of possession of a weapon in the furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). ECF No. [50]. Defendant was sentenced to a total term of imprisonment of 171 months on May 30, 2012. ECF No. [67]. Currently, Defendant is housed at the United States Penitentiary Canaan in Waymart Pennsylvania, and he is scheduled to be released from custody on October 18, 2024. Defendant filed the instant Motion seeking compassionate release due to the ongoing COVID-19 pandemic because he has ailing family

members and has served over 90% of his sentence. ECF No. [97]. The Government opposes the relief requested.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with more than 2,500,000 confirmed cases and more than 126,000 reported deaths as of June 29, 2020.[1] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates. In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of institutions and to home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and which should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. In addition, the Attorney General makes an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors as

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated June 29, 2020).

established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate and does not encourage indiscriminate release. *Id.* at 3.

## II. DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291,

1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant's Motion seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the

> Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020). Because Defendant's Motion fails on the first of these considerations, the Court need not address the remaining three inquiries under § 3582.

As the Government correctly notes in its Response, Defendant has failed to establish that he exhausted his administrative rights with the BOP. Further, Defendant does not provide the Court with any indication that he submitted a request for compassionate release to the warden of his facility, much less that thirty days have elapsed since making such a request. Although there is substantial disagreement among federal courts across the nation on whether § 3582(c)(1)(A)'s exhaustion requirement can be waived in exceptional circumstances,[2] this Court declines to address the exhaustion issue under the facts of the instant case. "Even if some courts have recognized that waiver may be available . . . in exigent circumstances, no such case . . . has involved an inmate seeking compassionate relief without at least submitting a request . . . to the BOP prior to, or in conjunction with, his or her application to the court." *United States v. Vigna*, No. S1 16-CR-786-3 (NSR), 2020 WL 1900495, at *5 (S.D.N.Y. Apr. 17, 2020).[3] Accordingly, because

---

[2] *See United States v. Bess*, No. 16-CR-156, 2020 WL 1940809, at *3 (W.D.N.Y. Apr. 22, 2020) ("[T]here is widespread disagreement about whether any exceptions may apply. Some courts have found that they independently may excuse a defendant's failure to exhaust, while others have found that only the government may forfeit or waive the requirement."); *see also United States v. Cassidy*, No. 17-CR-116S, 2020 WL 1969303, at *5-6 (W.D.N.Y. Apr. 24, 2020) (collecting cases); *United States v. Otero*, No. 17CR879-JAH, 2020 WL 1912216, at *4 (S.D. Cal. Apr. 20, 2020) (collecting cases); *United States v. Wright*, No. 17 CR 695 (CM), 2020 WL 1922371, at *1 (S.D.N.Y. Apr. 20, 2020) (collecting cases); *United States v. Feiling*, No. 3:19CR112 (DJN), 2020 WL 1821457, at *5 (E.D. Va. Apr. 10, 2020) (collecting cases); *United States v. Epstein*, No. CR 14-287 (FLW), 2020 WL 1808616, at *4 (D.N.J. Apr. 9, 2020) (collecting cases); *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) (collecting cases); *United States v. Woodson*, No. 18-CR-845 (PKC), 2020 WL 1673253, at *4 (S.D.N.Y. Apr. 6, 2020) (collecting cases).

[3] Indeed, courts across the country have repeatedly denied motions for compassionate release where the

Defendant has failed to demonstrate that he has satisfied the statutory prerequisites of § 3582(c)(1)(A), his Motion is due to be denied without prejudice. *See United States v. Jordan*, No. 3:16-CR-92-J-39PDB, 2020 WL 1640097, at *3 (M.D. Fla. Apr. 2, 2020) ("An inmate bears the burden of proving that compassionate release is warranted." (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013))). Defendant may renew his request for compassionate release after he either exhausts his administrative remedies or fails to receive a response within thirty days of submitting his request to the BOP. *See Epstein*, 2020 WL 1808616, at *5.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [97]**, is **DENIED WITHOUT PREJUDICE**.

---

defendant has failed to also submit their request to the BOP. *See United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *1 (M.D. Fla. Apr. 24, 2020); *United States v. Daniels*, No. 4:08-CR-0464-SLB, 2020 WL 1938973, at *3 (N.D. Ala. Apr. 22, 2020); *United States v. Hays*, No. CR 18-00088-KD-N, 2020 WL 1698778, at *1 (S.D. Ala. Apr. 7, 2020) ("Hays did not provide the Court with any evidence that she exhausted her administrative remedies with the BOP or that she made a request for compassionate release to the Warden before she filed her motion in this Court. Since Hays failed to comply with either of the two statutory requirements, the Court finds that she has not met the necessary prerequisites for consideration of her motion."); *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1-2 (M.D. Fla. Mar. 27, 2020); *United States v. Solis*, No. 16-015, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (a defendant who has not "requested compassionate release from the BOP or otherwise exhausted his administrative remedies" is not entitled to a reduction of his term of imprisonment.); *United States v. Bonventre*, No. 10-CR-228-LTS, 2020 WL 1862638, at *3 (S.D.N.Y. Apr. 14, 2020) ("Here, the relief Mr. Bonventre seeks affords no respect whatsoever for the administrative process. He does not ask the Court to direct the BOP to reopen his claims (his claims were never opened). Instead, he asks the Court to bypass the administrative process and decide the merits of a claim that Congress clearly intended should start, in the first instance, with the BOP. Therefore, the Court concludes that Bowen does not support Defendant's argument that his failure to exhaust should be excused based on the COVID-19 crisis alone."); *United States v. Engleson*, No. 13-CR-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) ("Defendant has not, to the Court's knowledge, made a request to the warden of his facility to bring such a motion. Accordingly, the statutory requirement is not met, and the Court may not grant relief under this provision."); *Woodson*, 2020 WL 1673253, at *3-4 (concluding that because § 3582(c)(1)(A)'s requirement is statutory, not judicial, district courts may not "waive" exhaustion in the present context); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) ("The administrative exhaustion requirement admits of no exception. Defendant fails to indicate whether she has sought relief from the Bureau of Prisons, much less shown she has satisfied the statute's exhaustion requirement. Nor does Defendant identify an alternative basis on which the Court could grant early release." (citation omitted) (footnote omitted)).

Case No. 11-cr-20791-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 30, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Hector Antonio Robles Velasquez
97730-004
Canaan-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 300
Waymart, PA 18472